UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:16-00117 |
| | ) | **Judge Sharp** |
| ROBERT F. ARNOLD, | ) | |
| JOE E. RUSSELL, II and | ) | |
| JOHN VANDERVEER | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Robert F. Arnold has filed two Motions to Dismiss, while Defendants Joe E. Russell and John Vanderveer have filed Motions to Join in Arnold's requests for dismissal. The Motions to Join will be granted, but the Motions to Dismiss will be denied.

**I.**

Defendants are charged in a fourteen count Indictment alleging conspiracy (Count One), wire fraud (Counts Two through Five), honest services fraud (Counts Six through Ten), bribery (Counts Eleven and Twelve), extortion (Count Thirteen), and witness tampering (Count Fourteen). Defendant Arnold requests dismissal of the wire fraud and some of the honest services fraud counts by way of separate Motions to Dismiss.

The first Motion to Dismiss is directed at Counts Two through Five. Those Counts incorporate by reference the allegations underlying the conspiracy charge and go on to allege that, from June 2013 to May 2015, Defendants devised and intended to devise a scheme and artifice to defraud and obtain money and property from Rutherford County by means of materially false and fraudulent pretenses, representations, and promises. It is further alleged that, in support of the scheme, Defendants caused to be transmitted the following wire communications in interstate commerce:

1

| Count | Date | Wire Communication |
|---|---|---|
| 2 | October 30, 2013 | **RUSSELL** sent an email to a representative of a jail in Alabama, stating that the JailCigs program had been "quite successful" in Rutherford County and that "we have a good relationship with the vendor which is why I am doing this favor for him." |
| 3 | April 3, 2014 | **RUSSELL** sent an email to a supplier based in China, to negotiate a wholesale purchase of e-cigarettes. |
| 4 | December 7, 2014 | **RUSSELL** sent an email to a supplier based in China, to negotiate a wholesale purchase of e-cigarettes. |
| 5 | April 9, 2015 | **ARNOLD** forwarded to **RUSSELL** and **VANDERVEER** an email in which a journalist from The Murfreesboro Post posed a number of questions about JailCigs, including whether "the sheriff's office or jail ha[s] a contract with Jail Cigs" and how much money has been paid to Rutherford County, in light of **ARNOLD**'s statement to "TV reporters [that] some of the revenue from Jail Cigs goes into the county's general fund." |

(Docket No. 1, Indictment ¶ 49).

Noting that an essential element of a wire fraud case is that interstate wire communications be "in furtherance of" the purported scheme to defraud, United States v. Faulkenberry, 614 F.3d 573, 581 (6th Cir. 2010), Defendant Arnold argues that "[t]he wire communications at issue here . . . had no meaningful connection to the alleged scheme to obtain money and property from Rutherford County" because "[n]one of the emails in question was directed to an employee or agent of Rutherford County[.]" (Docket No. 141 at 1). Moreover, none of the e-mails "'were designed to lull the victims into a false sense of security, postpone their ultimate complaint to the authorities, and therefore make the apprehension of the defendants less likely than if no mailing had taken place.'" (Id. at 4, quoting Faulkenberry, 614 F.3d at 582).

The second Motion to Dismiss is of similar ilk, but directed at Counts Seven through Nine. Those Counts also incorporate by reference the overarching conspiracy and allege that during the

2

same time frame, Defendants devised a scheme to deprive Rutherford County and its citizens of their right to the honest services of Defendants through bribery and kickbacks. The Indictment further alleges that, for purposes of executing the scheme, Defendants caused the following to be transmitted by way of wire communication:

| Count | Date | Wire Communication |
| --- | --- | --- |
| 7 | August 6, 2014 | **RUSSELL** sent an email on behalf of JailCigs to a JailCigs customer stating, "After polling all of the opposing candidates, this program will end if Sheriff Arnold is not reelected. If you value the right of the person you know at RCADC to continue being allowed to use our products, then please get everyone you know to the polls to vote for Sheriff Robert Arnold." |
| 8 | September 8, 2014 | **RUSSELL** sent an email to the county attorney—in response to the county attorney's advice to bid out the contract with the e-cigarette vendor and submit any donations or commissions received from the vendor to the county commission—asking, "If no donations are being made or expected to be made by the vendor, then what? Does it still need to be bid out?" |
| 9 | September 8, 2014 | **RUSSELL** sent an email to the county attorney stating, "So, best advice is to bid out or at least have some type of contract with any donations going to General fund? The current vendor is the only one we know of with this business model." |

(Indictment ¶ 52).

Noting again that an essential element of a wire communication is that it be in furtherance of the scheme to defraud, Defendant Arnold argues that the above three emails had "no meaningful connection to the alleged scheme to deprive Rutherford County and its citizens of their right to Defendant's honest services through bribery and kickbacks." (Docket No. 142 at 2). That is, "[w]hile they can be viewed as 'incident' to the alleged scheme. . . , they cannot be viewed as having 'served any useful step, purpose, or role in furthering of the scheme,'" and, in actuality, "were superfluous to the scheme." (Id. at 4, quoting United States v. Hartsel, 199 F.3d 812, 818 (6th Cir.

3

1999).

## II.

At the end of his second Motion to Dismiss, Defendant Arnold asserts that "[p]erhaps, at this pleading stage, the government can articulate how the Counts Seven, Eight, and Nine emails furthered the alleged scheme . . . but it is not obvious, nor is it unreasonable to ask." (Id. at 5). The same, however, can be said about the first Motion to Dismiss – it is not unreasonable to ask – but the Government is not obligated to answer the question before trial, nor is dismissal warranted at this stage.

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974). The present Indictment fulfills both requirements.

Three elements are required to support a wire fraud claim: "(1) the defendant devised or willfully participated in a scheme to defraud; (2) the defendant used or caused to be used an interstate wire communication in furtherance of the scheme; and (3) the defendant intended to deprive a victim of money or property." United States v. Kerley, 784 F.3d 327, 343 (6th Cir. 2015). And, for purposes of the mail and wire fraud statutes, "the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services," 18 U.S.C. § 1346, to the extent it "encompass[es] . . . bribery and kickback schemes[.]" Skilling v. United States, 561 U.S. 358, 412 (2010). Those elements are clearly alleged in paragraphs 48 and 49 of the Indictment in relation to Counts Two through Five, and in paragraphs 51 and 52 in relation to Counts Seven through Nine. Further, the allegations underlying those Counts are "'sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the

4

same facts.'" United States v. Schaffer, 586 F.3d 414, 422 (6th Cir. 2009) (quoting United States v. Douglas, 398 F.3d 407, 411 (6th Cir. 2005).

This seems to have been Defendant Arnold's understanding several months ago when he filed a Motion for Bill of Particulars. There, he "acknowledge[d] at the outset that the thirty-page Indictment is relatively detailed in terms of *factual* allegations that provide notice of what the government's anticipated proof will be," and that "[t]he Indictment is plainly sufficient (on its face) under Rule 7(c)(1), Fed. R. Crim. P.". (Docket No. 69 at 2) (emphasis in original). The binding Sixth Circuit precedent on which he presently relies do not support the notion that the factual allegations are now insufficient, or that dismissal of any of the Counts at this juncture is warranted.

Faulkenberry was a case alleging conspiracy, securities fraud, wire fraud, and money laundering, but was decided on the sufficiency of the evidence after trial. Hartsel involved alleged mail fraud and the embezzlement of funds, but was decided in the context of a motion for judgment of acquittal. United States v. Merklinger, 16 F.3d 670 (6th Cir. 1994), too, involved the sufficiency of the evidence after trial, with the Sixth Circuit vacating three of five mail fraud counts. Whether the Government can adduce sufficient evidence to support the allegations in the challenged Counts presents a question for another day.

Although Defendant Arnold has not identified one, there may be cases in which a court has dismissed a mail or wire fraud count pre-trial because the particular mailing or wiring alleged to have been made in furtherance of the scheme did not, in fact, further the scheme. But whether a mailing or wiring advanced a scheme seems quintessentially to be a matter of proof, at least in the first instance.

Depending on the evidence presented at trial, the jury might be able to find that the wirings in question served the purpose of executing or furthering accomplishing the alleged scheme. The

5

core of the alleged scheme is the sale of e-cigarettes to jail inmates and the defrauding of Rutherford County citizens of money, property and the right to honest services. Facially at least, emails (1) ordering e-cigarettes (Counts 3 and 4); (2) attempting to disguise one or more Defendant's role in the e-cigarette business and/or misrepresenting the benefits to Rutherford County (Counts 2, 7, 8, and 9); (3) encouraging voters to reelect Sheriff Arnold so that the e-cigarette program could continue (Count 7); and (4) forwarding a reporter's inquiries to alleged co-conspirators – perhaps to make them aware of the investigation and to keep their stories straight so that the scheme would not unravel (Count 5) – may be "closely related" and/or "incident to an essential part of the scheme." See United States v. Frost, 125 F.3d346, 359 (6th Cir. 1999). Whether that is so is a question for the jury to decide initially after the proof has been presented at trial.

United States v. Ali, 557 F.3d 715 (6th Cir. 2009) and United States v. Levin, 973 F.2d 463 (6th Cir. 1992) on which Defendant Arnold relies in his reply brief do not alter this conclusion. Both stand for the proposition that dismissal of an indictment is appropriate "when undisputed extrinsic evidence' demonstrate[s] that 'the government was, as a matter of law, incapable of proving' an element of an offense." Ali, 557 F.3d at 719 (quoting Levin, 973 F3d at 469). Assuming, as Defendant Arnold does, "that the operative facts relevant to the "in furtherance of" element as to Counts Two through Five and Seven through Nine are undisputed" and are based on the referenced emails (Docket No. 152 at 3), the Court cannot say, as a matter of law, that those emails were not in furtherance of the unlawful scheme.

### III.

Accordingly, the Court rules as follows:

(1) The Motions to Join filed by Defendant Russell (Docket No. 143, 144) and Defendant Vanderveer (Docket No. 145) are hereby GRANTED; and

6

(2) Defendant Arnold's Motion to Dismiss Counts Two Through Five (Docket No. 141) and Motion to Dismiss Counts Seven through Nine (Docket No.142) are hereby DENIED.

The trial date of February 7, 2017 is hereby CONFIRMED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE